IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ELGIN A. MELSON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:18CV596 |
| | ) |
| NORTH CAROLINA, | ) |
| | ) |
| Defendant(s). | ) |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of Kentucky, submitted a filing titled as a "Motion for Return of Property Seized by Law Enforcement Agency." Plaintiff alleges that, in 2007, police in Longview, North Carolina, unlawfully arrested him and seized his property. He states that charges against him were later dismissed and he seeks the return of his property under North Carolina statutes. In appropriate circumstances, parties can file Motions for Return of Property in federal court. However, such Motions are proper when brought pursuant to Federal Rule of Criminal Procedure 41(g) after the completion of criminal proceedings in federal court. Here, Plaintiff makes no allegation concerning the existence of any federal criminal case, and the Court cannot locate such a case involving Plaintiff. Further, he attempts to bring his case under state law, not Federal Rule of Criminal Procedure 41(g). Therefore, his filing is not a proper Motion for Return of Property in federal court. Given Plaintiff's allegation that state authorities acted

unlawfully, the Court treated the filing for administrative purposes as a civil rights action pursuant to 42 U.S.C. § 1983. Nevertheless, when treated as such, the form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review.

2. The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. See LR 7.1(e).

3. Plaintiff's claims appear barred by the applicable three-year statute of limitations.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper forms, which corrects the defects of the present Complaint. To the extent that Plaintiff is attempting to recover his property based on North Carolina statutes or case law, it appears he would likely have to file his case in the courts of North Carolina. As for any filing under § 1983, it is not clear that Plaintiff has any actual interest in filing a case under that statute, particularly given that his claims would likely be time barred. However, to any extent he does, it appears that the potential defendants may be located in the Western District of North Carolina, where the events challenged in the Complaint are alleged to have occurred. Therefore, it appears that venue would be proper in that District, and Plaintiff may obtain forms and instructions from the Clerk's Office for filing in that District if he wishes to file under § 1983. See 28 U.S.C. § 1391(b). The

2

address is: Room 210, Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, NC 28202.[1]

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper forms, and in the proper court or district.

This, the 25th day of October, 2018.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

---

[1] If Plaintiff chooses to re-file his complaint here in this District, he should correct all of the matters noted above and should also include a statement addressing the proper venue in this case, for the Court's consideration in determining whether this case must be transferred to a proper district pursuant to 28 U.S.C. § 1406.